McCALEB, Justice.
Louisiana Public Service Commission is appealing suspensively from a judgment of the Nineteenth Judicial District Court reversing its Order No. 8797, which was rendered by a divided vote, denying the application of the Kansas City Southern Railway Company for authority to discontinue the operation of its freight agency station at Starks, Louisiana.
*76 Starks is an unincorporated community of approximately 350 persons in Calcasieu Parish. The agency station is situated on a paved State Highway (No. 109) and the community is served by regularly scheduled truck lines as well as regularly scheduled buses. Starks is a flag stop for passenger service and the freight agent is on duty only five days a week. The bulk of the railroad business in the past was attributable to the operations of Jefferson Lake Sul-phur Company but, since the latter part of 1961 when the Sulphur Company closed its plant, the railway has been steadily losing money, the record revealing that the loss for the month of January, 1962 exceeded $3,000.
It is shown that the small freight business emanating from Starks, consisting principally of less than carload lots, can be adequately handled by the truck service; that the nearest operating railway agency is at DeQuincy which is only seventeen miles away and that anyone wishing to ship carload lots from Starks may call the agency at DeQuincy and make arrangements to do so.
No shipper appeared before the Commission in opposition to the railway’s application. The opponents who did appear were residents of the community who voiced the opinion that the population and business of Starks is increasing. This testimony is purely conjectural as there were no facts submitted to support it.
The district judge, after a careful review of the evidence, properly concluded that the costs of maintaining the railway agency at Starks greatly outweighed any slight inconvenience which might result to the people of the community by the closing of the station.
In his brief to this Court, counsel for the Commission refers us to the well-settled rule that the orders of an administrative board are entitled to great weight and that the courts will not substitute their judgment for that of such a public agency except in cases where there is a showing of clear abuse by a commission or board of its authority.
 It suffices to say that the evidence in this case brings it squarely within the exception. The Commission’s conclusion that the agency station should not be closed because there would be no station on the line from DeQuincy, Louisiana to Maurice-ville, Texas, a distance of 31 miles, has no rational relation to the question at hand— which is, whether the public convenience and necessity of the community of Starks outweighs the railway’s losses and, thus, requires the maintenance of the agency station. We hold that it does not.
The judgment is affirmed.